## GALLAGHER *against* MILLIGAN.

Any person who, at the time of the commencement of a suit, is entitled to a portion of the money sued for, however his interest may have been acquired, is liable to costs; and is therefore incompetent to give evidence in the suit, although he may release his interest to the plaintiff on record.

No declaration of a defendant will operate to avoid the statute of limitations, if it be accompanied with a denial of his liability to pay.

Error to *Allegheny* county.

This was an action of assumpsit brought by *Samuel Milligan* against *James Gallagher,* for work and labor performed in 1808. Issues were joined upon the pleas of *non assumpsit,* and *non assumpsit infra sex annos. James Milligan* was called as a witness, and by his examination it appeared, that he was equally interested with his brother, the plaintiff, in the claim for which the suit was brought; and his testimony having been objected to, he executed a release of all his claim to the plaintiff; he was still objected to as a witness, because of his liability for costs; but the court overruled the objection, and sealed a bill of exceptions. To avoid the

operation of the statute of limitations, the plaintiff gave in evidence the declarations of the defendant, that if it could be made appear to him that he owed any thing, he would settle and pay it; but he always accompanied these declarations with the assertion that he owed nothing. Having been asked, if he was willing to swear that he did not make the bargain, he answered, that he would not swear so for all he was worth.

The court was of opinion, and so instructed the jury, that the statute of limitations, under the evidence given, would not bar the plaintiff's right to recover. To this opinion the defendant's counsel excepted, and the court sealed a second bill of exceptions.

*Selden* for plaintiff in error.

*W. Forward, contra.*

The opinion of the court was delivered by

ROGERS, J.—*James Milligan*, a witness for plaintiff, having testified that he expected to receive a part of the money for which the suit was brought, if recovered, the plaintiff's counsel filed his release. The witness was then asked the nature of the contract between him and his brother: to which he answered, he was to have half the amount; whereupon the defendant's counsel objected to the examination on the ground of his liability for costs.

The competency of the witness depends on the question, whether such an interest was admitted, as makes him, in effect, a party to suit; for whether his name appears on the record or not is immaterial. In that event, his interest is such as disqualifies him from giving testimony; as he is liable for all costs due, or which may become due, in the suit. It is of no consequence how he becomes interested—whether by a moneyed consideration, or by services rendered, or to be rendered in future. What matters it to the defendant how he makes himself a party to the controversy, whether as an agent, attorney or otherwise. I know of no case, certainly none has been cited, which would exempt an attorney or agent under such circumstances; nor should an exemption be claimed, under any principle of public policy. The defendant has a right to look to those who are beneficially interested in the suit. These agreements are of frequent occurrence in *Pennsylvania*, and it would seem to me to be not only unjust to the defendant, but an undue encouragement to such arrangements, to adopt a different rule. I consider that any person who, at the time of the commencement of the suit, is entitled to a portion of the money sued for, however his interest may have been acquired, is liable to costs, and therefore incompetent to testify.

But admitting that the witness was competent, was enough proved to take the case out of the act of limitations. *James Milligan,*

(Gallagher *v.* Milligan.)

'after having testified, that the work for which the suit was brought, was done by his brother, further said, that he did not meet *Gallagher* from that time until suit was commenced; that *Gallagher* told him he had not been in the county since, that he had been at *New-York, Lake Erie, Michigan* and here: that he asked him what he was sued for; told him he was a boy at the time, that he had nothing to do with him; that he was going back to the place where his brother was, and if he owed him he would pay him. He also testified, that *Gallagher*, denied he had employed his brother, the plaintiff.

*John Milligan* testified that defendant told him, that if he could be made sensible that he had made the bargain, he would pay the plaintiff, for doing the work. He then asked him, if he would be willing to swear he had made no such bargain; to which he replied, he would not swear so for all he was worth.

An acknowledgment of a debt, consistent with a promise to pay, takes a case out of the act of limitations. But here there was no such acknowledgment; and on the contrary, the defendant at all times denied he was ever indebted to the plaintiff. *Gallagher* denied, says the witness, that he ever employed his brother the plaintiff. Nor can the testimony of *John Milligan* be fairly construed into the acknowledgment of the debt, or a promise to pay. "If he could be made sensible that he had made the bargain, he would pay the plaintiff for doing the work;" evidently contains the expression of an opinion by the defendant, that he was not, nor had he ever been indebted to the plaintiff. Neither would his unwillingness to swear to a fact from which the jury might infer either the indebtedness or the promise to pay. The witness had no right to make such a proposition to him, and a scrupulous person might be unwilling to swear either to the truth or falsehood of a fact, without any legitimate inference being drawn from his refusal.

It is not sufficient to take a case out of the act of limitations, that the claim should be proved and acknowledged to have been originally just. The acknowledgment must go to the fact, that it is still due. There were, no words or expressions of the defendant, from which the jury could safely infer a subsisting debt; or in truth, that any debt ever existed. We can perceive no good reason why words should be tortured from their obvious meaning, to take a case out of the operation of a highly beneficial statute, a principal object of which is, to put an end to stale demands.

Judgment reversed and a *venire de novo* awarded.